FILED ___ ENTERED
___ LODGED ___ RECEIVED

JUL 29 2021

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR21-114RSL |
| Plaintiff, | CR21-115RSL |
| v. | |
| DIRK WALTER TICHGELAAR, | **PLEA AGREEMENT** |
| Defendant. | |

The United States of America, by and through Tessa M. Gorman, Acting United States Attorney for the Western District of Washington, and Matthew P. Hampton, Assistant United States Attorney for said District, Defendant DIRK WALTER TICHGELAAR, and Defendant's attorneys, Christopher Sanders and Jesse Cantor, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A), (B), and 20.

1. **Waiver of Indictment**. Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter pleas of guilty to the charges brought by the United States Attorneys for the District of Oregon and the Western District of Washington in an Information.

Plea Agreement - 1
U.S. v. Tichgelaar, CR21-114RSL/CR21-115RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charges:

    a. Attempted Enticement of a Minor, as charged in Count 1 of the Information filed in cause number CR21-115RSL, in violation of Title 18, United States Code, Section 2422(b); and

    b. Possession of Child Pornography, as originally charged in Count 1 of the Information filed in the District of Oregon in cause number 21-CR-00219HZ, in violation of Title 18, United States Code, Section 2252A(a)(5)(B), (b)(2), now docketed in the Western District of Washington under cause number CR21-114RSL.

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. **Waiver if Venue.** The Defendant, having been advised of the right to be tried in the district wherein the crime alleged in the District of Oregon Information occurred, agrees to waive that right and consents to disposition of that case in the Western District of Washington pursuant to Federal Rule of Criminal Procedure Rule 20(a).

4. **Elements of the Offenses.** The elements of the offense or offenses to which Defendant is pleading guilty are as follows:

    a. The elements of Attempted Enticement of a Minor, as charged in Count 1 of the Information filed in cause number CR21-115RSL, are as follows:

        *First*, the defendant used a means or facility of interstate or foreign commerce intending to persuade, induce, entice, or coerce an individual to engage in any sexual activity for which someone could be charged with an offense;

        *Second*, the defendant believed that the individual he attempted to persuade, induce, entice, or coerce was under the age of 18; and

Plea Agreement - 2
U.S. v. Tichgelaar, CR21-114RSL/CR21-115RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Third*, the defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime.

    b.    The elements of Possession of Child Pornography, as charged in Count 1 of the Information filed in the District of Oregon in cause number 21-CR-00219HZ and now docketed in the Western District of Washington under cause number CR21-114RSL, are as follows:

*First*, the defendant knowingly possessed matter that the defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

*Second*, the defendant knew each visual depiction contained in the matter was of minors engaged in sexually explicit conduct;

*Third*, the defendant knew that production of such visual depictions involved the use of a minor engaged in sexually explicit conduct; and

*Fourth,* each visual depiction had been either transported in interstate or foreign commerce, or produced using material that had been transported in interstate or foreign commerce by computer or other means.

5.    **The Penalties**. Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

    a.    For the offense of Attempted Enticement of a Minor, as charged in Count 1 of the Information filed in cause number CR21-115RSL: A mandatory minimum term of imprisonment of ten years and a maximum term of imprisonment of up to life, a fine of up to $250,000, a period of supervision following release from prison of not less than five (5) years and up to life, a mandatory special assessment of $100, and a penalty assessment of $5,000 unless the defendant is indigent. If a probationary sentence is imposed, the probation period can be for up to five (5) years.

    b.    For the offense of Possession of Child Pornography, as charged in Count 1 of the Information filed the District of Oregon in cause number 21-CR-00219HZ and now docketed in the Western District of Washington in cause number CR21-

Plea Agreement - 3
*U.S. v. Tichgelaar*, CR21-114RSL/CR21-115RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

114RSL: A mandatory minimum term of imprisonment of ten years and a maximum term of imprisonment of up to twenty years, a fine of up to $250,000, a period of supervision following release from prison of not less than five (5) years and up to life, a mandatory special assessment of $100, a penalty assessment of $5,000 unless the defendant is indigent, a child pornography trafficking assessment of up to $17,000, and a minimum of $3,000 of restitution per victim. If a probationary sentence is imposed, the probation period can be for up to five (5) years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

6. **Immigration Consequences**. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively

Plea Agreement - 4
U.S. v. Tichgelaar, CR21-114RSL/CR21-115RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea may entail, even if the consequence is Defendant's mandatory removal from the United States.

7. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a.    The right to plead not guilty and to persist in a plea of not guilty;

    b.    The right to a speedy and public trial before a jury of Defendant's peers;

    c.    The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d.    The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e.    The right to confront and cross-examine witnesses against Defendant at trial;

    f.    The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

    g.    The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h.    The right to appeal a finding of guilt or any pretrial rulings.

8. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the

Plea Agreement - 5
*U.S. v. Tichgelaar*, CR21-114RSL/CR21-115RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a.    The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

    b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

9. **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

10. **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offenses in cause numbers CR21-114RSL and CR21-115RSL:

Between October 2019 and January 2020, DIRK WALTER TICHGELAAR used the internet and the smartphone identified below in Paragraph 15—both means and facilities of interstate commerce—to communicate with someone he believed to be the

Plea Agreement - 6
U.S. v. Tichgelaar, CR21-114RSL/CR21-115RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

father of a five-year-old girl but who was actually an undercover law enforcement officer (UC) in order to coerce and entice that minor to engage in sexual activity for which any person may be charged with a criminal offense.

Specifically, on multiple occasions, TICHGELAAR and the UC discussed TICHGELAAR's desire to travel from his home in Oregon to Washington State and sexually assault this fictitious five-year-old girl. TICHGELAAR expressed his intent and desire to subject this child to oral, anal, and vaginal sexual intercourse. On January 25, 2020, TICHGELAAR drove from Oregon to Whatcom County intending to meet the UC and his fictitious daughter at a hotel. Upon meeting her, he intended to engage in various sexual acts with her. Had he committed these sexual acts against this five-year-old girl, he would have committed the offense of Rape of a Child in the First Degree in violation of RCW 9A.44.073.

At all relevant times, TICHGELAAR intended to coerce, persuade, induce, and entice this fictitious child to engage in sexual acts. TICHGELAAR took multiple substantial steps toward the commission of the offense charged in Count 1 of the Information filed in cause number CR21-115RSL, including but not limited to, bringing a gift for the fictitious five-year-old girl, bringing lubricant to use while sexually assaulting her, and traveling from Oregon to Washington, so that he could sexually assault her.

TICHGELAAR also admits he is guilty of the offense charged in Count 1 of the Information filed in cause number CR21-114RSL. Specifically, beginning on a date unknown and continuing until at least January 25, 2020, TICHGELAAR knowingly and intentionally possessed matter that he knew contained visual depictions of actual minors engaged in sexually explicit conduct. At his home in Oregon, TICHGELAAR used the digital devices described below in Paragraph 16 to store at least 221 images and 112 videos of minors engaged in sexually explicit conduct. These visual depictions include visual depictions of toddlers engaged in sexually explicit conduct and the anal/vaginal penetration of prepubescent minors by adult males. Among these were the following:

Plea Agreement - 7
U.S. v. Tichgelaar, CR21-114RSL/CR21-115RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**File 1:** This video is approximately four minutes and thirty-nine seconds long. The video begins with two prepubescent females in a bathtub (MV1 and MV2). MV1 is seen with an adult male's erect penis in her hands. MV1 has no breast development and no pubic hair and appears to be under the age of three. MV2 has no breast development and no pubic hair and appears to be under the age of five. At approximately 42 seconds into the video, MV2 is seen grasping the adult male's erect penis with her hands. At approximately 1 minute into the video, MV2 is seen with the adult male's erect penis inserted into her mouth. MV2 is then seen lying on her back on a bed and a black phallic device is being inserted into her vagina. A short time later an adult male's is seen inserting his erect penis into MV2's anus.

**File 2:** This video is approximately four minutes and forty-eight seconds long. The video begins with a prepubescent female lying on her back on a bed. The child is wearing a blue dress that is pulled up to her chest area and is otherwise nude. The child is seen with her legs spread apart, exposing her vagina. The child has no breast development and no pubic hair and appears to be under the age of six. At approximately 32 seconds into the video an, adult male is seen licking the child's vagina.

**File 3:** This video is approximately five minutes and eight seconds long. The video begins with a nude adult male sitting on a couch. The adult male is wearing a baseball hat and a clown mask. A nude prepubescent female kneels in front of the adult male and is seen with the adult male's penis inserted into her mouth. The child is wearing a purple and green mask on her face. The child moves to the bed and kneels on the bed. The adult male is seen inserting a black phallic device into the child's anus. The adult male is seen flipping the child over onto her back on the bed. The adult male spreads apart the child's legs with one hand and inserts a black phallic device into the child's anus with the other hand. The child has no pubic hair and no breast development and appears to be under the age of ten. The video continues as the adult male holds down the child and holds her legs apart as he continues to insert the device into her.

Each of the visual depictions of minors engaged in sexually explicit conduct TICHGELAAR possessed was transported in interstate or foreign commerce or produced using materials that had been transported in interstate or foreign commerce.

Following his arrest on January 25, 2020, TICHGELAAR willfully obstructed and impeded the investigation and prosecution of the offenses charged in cause numbers CR21-114RSL and CR21-115RSL. ~~Septically~~ Specifically, he asked a family member with whom he

Plea Agreement - 8
U.S. v. Tichgelaar, CR21-114RSL/CR21-115RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

shared his home in Oregon to delete content from his computer hard drive and destroy other digital devices that he knew contained evidence of these offenses.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

11. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12. **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

   a.   There is a two-level increase based on Defendant's willful obstruction of justice pursuant to U.S.S.G. § 3C1.1; and

   b.   There is a three-level decrease based on Defendant's acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), (b).

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range..

13. **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government agrees to recommend a total term of

Plea Agreement - 9
*U.S. v. Tichgelaar*, CR21-114RSL/CR21-115RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

imprisonment for the offenses charged in Count 1 of the Information filed under cause number CR21-114RSL and Count 1 of the Information filed under cause number CR21-115RSL that does not exceed the low end of the Sentencing Guidelines range determined by the Court at the time of sentencing. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

14. **Restitution.** Defendant agrees that the Court can order Defendant to pay restitution to the victims of Defendant's crimes and, in exchange for the agreements by the United States contained in this plea agreement, Defendant agrees that restitution in this case should not be limited to the offense of conviction. Defendant is aware that the United States will present evidence supporting an order of restitution for all losses caused by all of Defendant's criminal conduct known to the United States at the time of Defendant's guilty plea to include those losses resulting from crimes not charged or admitted by Defendant in the Statement of Facts. In exchange for the promises by the United States contained in this plea agreement, Defendant agrees that Defendant will be responsible for any order by the District Court requiring the payment of restitution for such losses.

a. The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing

Plea Agreement - 10
U.S. v. Tichgelaar, CR21-114RSL/CR21-115RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

assets that come to light only after the district court finds that the defendant is unable to make immediate restitution.

      b.      Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

      c.      The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a). In

Plea Agreement - 11
U.S. v. Tichgelaar, CR21-114RSL/CR21-115RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

addition, in any event, the government will consider Defendant's cooperation regarding restitution in making its sentencing recommendation.

15. **Forfeiture of Assets (CR21-115RSL).** The Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States his right, title, and interest in any and all property that facilitated his commission of the offense alleged in Count 1 of the Information filed in cause number CR21-115RSL, as well as any proceeds he obtained from the offense. This property includes, but is not limited to, one (1) Samsung Galaxy S9 Smartphone (IMEI: 356417091408522) seized from Defendant on or about January 25, 2020.

Defendant agrees that such property was involved in his commission of the offense.

Defendant agrees to fully assist the United States in the forfeiture of the above-identified property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrendering title and executing any documents necessary to effectuate their forfeiture. Defendant agrees not to file a claim to any of the listed property in any civil forfeiture proceeding, administrative or judicial, that may be initiated.

16. **Forfeiture of Assets (CR21-114RSL).** The Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case. The Defendant agrees to forfeit to the United States immediately his right, title, and interest in all property he used to commit or to facilitate his commission of the offense charged in Count 1 of the Information filed in cause number CR21-114RSL, any proceeds of the offense, and any data files consisting of or containing visual depictions within the meaning of 18 U.S.C. § 2253(a)(1). All such property is forfeitable pursuant to Title 18, United States Code, Section 2253(a), and includes but is not limited to:

a. One SanDisk Cruzer Thumb Drive seized from the home of DIRK WALTER TICHGELEER in January 2020;

Plea Agreement - 12
U.S. v. Tichgelaar, CR21-114RSL/CR21-115RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

   b. One Homebuilt Desktop Personal Computer seized from the home of DIRK WALTER TICHGELAAR in January 2020; and

   c. One PNY Thumb Drive seized from the home of DIRK WALTER TICHGELAAR on in January 2020.

  The Defendant agrees to fully assist the United States in the forfeiture of this property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. The Defendant agrees not to file a claim to this property in any federal forfeiture proceeding, administrative or judicial, that may be or has been initiated, or to otherwise contest any federal forfeiture proceeding that may be or has been initiated. The Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

  The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if the Defendant used that property to commit or to facilitate his commission of the identified offense.

  17. **Abandonment of Non-Contraband Data Files.** The Defendant abandons any interest he may have in any electronic device(s) identified in Paragraphs 15 and 16, as well as any non-contraband files contained on the device(s), and he consents to the administrative disposition of those data files, including their destruction.

  18. **Registration as a Sex Offender.** Defendant stipulates and agrees that based on the Sex Offender Registration and Notification Act, Title 42, United States Code, Section 16911 et seq., he is entering a plea of guilty to a sex offense and is a sex offender as those terms are defined in the Act. The Defendant further agrees that pursuant to the Act, he is required to register as a sex offender, and keep the registration

Plea Agreement - 13
U.S. v. Tichgelaar, CR21-114RSL/CR21-115RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

current, in each jurisdiction where the Defendant resides, is an employee, and is a student. The Defendant further agrees that for initial registration purposes only, the Defendant is required also to register in the jurisdiction in which the Defendant is convicted if such jurisdiction is different from the jurisdiction of residence.

19. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

20. **Breach, Waiver, and Post-Plea Conduct**. Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Plea Agreement - 14
U.S. v. Tichgelaar, CR21-114RSL/CR21-115RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range.  Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

21.     **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction.  Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

a.      Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

b.      Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

Plea Agreement - 15
U.S. v. Tichgelaar, CR21-114RSL/CR21-115RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

22.   **Voluntariness of Plea**.  Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

23.   **Statute of Limitations**.  In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

Plea Agreement - 16
U.S. v. Tichgelaar, CR21-114RSL/CR21-115RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

24. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 29th day of July, 2021.

_____
DIRK WALTER TICHGELAAR
Defendant

_____
CHRISTOPHER SANDERS
JESSE CANTOR
Attorneys for Defendant


*s/ Matthew P. Hampton for*
GRADY J. LEUPOLD
Assistant United States Attorney


*s/ Matthew P. Hampton*
MATTHEW P. HAMPTON
Assistant United States Attorney

Plea Agreement - 17
U.S. v. Tichgelaar, CR21-114RSL/CR21-115RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970