HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DIRK WALTER TICHGELAAR,<br><br>Defendant. | Cause No.  21-114 RSL<br>Cause No.  21-115 RSL<br><br>**DEFENDANT'S AMENDED SENTENCING MEMORANDUM** |

Defendant, Dirk Walter Tichgelaar, by and through his Attorney, Gilbert H. Levy, respectfully submits the following memorandum in supporting his positions at sentencing:

### I.  SENTENCING RECOMMENDATION

Defendant's Counsel recommends a sentence of 10 years on Count 1, and 5 years on Count 2, with the sentences to run concurrently.  The Court is requested to

DEFENDANT'S AMENDED
SENTENCING MEMORANDUM - 1

*Gilbert H. Levy*
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington  98121
(206) 443-0670  Fax: (866) 471-6818

recommend placement at FCI Seagoville, so that the Defendant can participate in the sex offender therapy program offered at that facility.

## II.   UNRESOLVED OBJECTIONS TO THE PSR

A.  <u>The Defendant's Prior Oregon Conviction Does Not Qualify for Enhancement of the Penalties Under Title 18 U.S.C. 2252A(b)(2)</u>

In 2005, the Defendant was convicted of two counts of violating O.R.S.§ 163.427 which provides:

> (1) A person commits the crime of sexual abuse in the first degree when that person:
> (a) Subjects another person to sexual contact and:
> (A) The victim is less than 14 years of age;
> (B) The victim is subjected to forcible compulsion by the actor; or
> (C) The victim is incapable of consent by reason of being mentally incapacitated, physically helpless or incapable of appraising the nature of the victim's conduct; or
> (b) Intentionally causes a person under 18 years of age to touch or contact the mouth, anus or sex organs of an animal for the purpose of arousing or gratifying the sexual desire of a person.
> (2) Sexual abuse in the first degree is a Class B felony.

Title 18 United States Code Section 2252A(b)(2) provides:

> Whoever violates, or attempts or conspires to violate, subsection (a)(5) shall be fined under this title or imprisoned not more than 10 years, or both, but, if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, such person shall be fined under this title and imprisoned for not more than 20 years, or if such person has a prior conviction under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), **or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession,**

DEFENDANT'S AMENDED
SENTENCING MEMORANDUM - 2

*Gilbert H. Levy*
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington  98121
(206) 443-0670  Fax: (866) 471-6818

**receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.** (Emphasis supplied).

To determine whether a prior State conviction qualifies for the sentence enhancement under § 2252A(b)(2) a court must apply the categorical approach. Under the categorical approach, the court first defines the federal generic definition of the crime and then compares it to the elements of the State offense. *Taylor v. United States,* 495 U.S. 595, 110 S. Ct. 2143 (1990), *United States v. Sullivan,* 797 F.3d 623, 635 (9th Cir. 2015). If the State conviction criminalizes the same or less conduct, then it is a categorical match. Id. But where the state conviction criminalizes more conduct than the federal generic offense, it does not qualify as a categorical match. Id. The categorical approach looks only to the statutory definition of the prior State offense and does not consider the underlying facts. Id.

If the State conviction contains one indivisible set of elements, then that ends the inquiry. *Deschamps v. United States,* 570 U.S. 254, 260 133S. Ct. 2276, 2283 (2013). However, when a statute lists potential elements in the alternative, then the court applies a modified categorical approach. Id. at 264. Under that approach, the court looks at a limited set of documents such as the indictment, plea agreement and judgment to determine which set of elements formed the basis of

DEFENDANT'S AMENDED
SENTENCING MEMORANDUM - 3

*Gilbert H. Levy*
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington  98121
(206) 443-0670  Fax: (866) 471-6818

the conviction. Id. at 265.  The Court then compares the elements of appliable subsection of the State statute to the generic federal offense. Id. at 263.

With certain statutes, the phrase "relating to" has a broadening effect on the analysis. *United States v. Sulivan, supra,* at 638-641.  The court may look beyond the elements of the crime to determine whether the harm caused to the victim by the State crime is comparable to the harm caused by a violation of the generic federal offense. Id.  However, the *Sullivan* analysis does not apply where the text and history of the statute require a narrower construction.  In the case of child pornography statutes, where terms are defined, the words "relating to" have a much narrower meaning. *United States Reinhart,* 893 F. 3d 606, 614 (9th Cir. 2018) and see also *United States v. Hudson,* 986 F. 3d 1201, 1213 (9th Cir. 2021).  The Court does not depart from the elements based, categorial approach to determine whether a prior State offense "relates to" child pornography. *Reinhart* at 615.  The federal generic offense is determined by reference to the statutory definition of child pornography and the analysis consists of comparing the elements of the State crime to the definitions in the federal statute. Id. at 616-618.

The definition of "child pornography" is found in Title 18 United States Code § 2256(8).  It provides in part:

> "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture,

DEFENDANT'S AMENDED
SENTENCING MEMORANDUM - 4

*Gilbert H. Levy*
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington 98121
(206) 443-0670  Fax: (866) 471-6818

whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--
**(A)** the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

In this case, O.R.S. 163.427 is divisible since it sets forth elements in the disjunctive. Thus, the crime of conviction is determined by reference to the modified categorial approach. According to the indictment and the plea agreement, the Defendant pleaded guilty to having sexual contact with an individual less than 14 years of age.[1] Thus, the State crime for purposes of comparison is set forth in subsection (1)(a)(A). That crime does not involve a "visual depiction" …of a "minor engaging in sexually explicit conduct". Therefor the Defendant's State conviction is not a categorial match and does not qualify for an enhancement under 18 U.S.C. 2252A(b)(2).[2]

B. <u>Defendant Objects to the Five Level Upward Adjustment for "Pattern of Activity" under USSG 2G2.2(b)(5)</u>

On Count 2, the Defendant received a five-level upward adjustment in his base offense level based on his having engaged in a "pattern of activity involving the sexual abuse and sexual exploitation of a minor". See PSR Paragraph 37 and USSG § 2G2.2(b)(5). The application note defines "pattern of activity" as:

---

[1] A copy of the Oregon indictment, plea agreement and judgment are attached hereto as exhibits.
[2] A similar analysis was employed in *United States v. Schopp,* 938 F.3d 1053 (9th Cir. 2019). In that case the defendant was charged with production of child pornography. The Court held that the defendant's Sate sex offenses

DEFENDANT'S AMENDED
SENTENCING MEMORANDUM - 5

*Gilbert H. Levy*
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington 98121
(206) 443-0670  Fax: (866) 471-6818

…any combination of two or more instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; or (B) involved the same minor; or (C) resulted in a conviction for such conduct.

The application note defines "sexual abuse or exploitation as":

"Sexual abuse or exploitation" means any of the following: (A) conduct described in 18 U.S.C. § 2241, § 2242, § 2243, § 2251(a)-(c), § 2251(d)(1)(B), § 2251A, § 2260(b), § 2421, § 2422, or § 2423; (B) an offense under state law, **that would have been an offense under any such section if the offense had occurred within the special maritime or territorial jurisdiction of the United States;** or (C) an attempt or conspiracy to commit any of the offenses under subdivisions (A) or (B). "Sexual abuse or exploitation" **does not include possession, accessing with intent to view, receipt, or trafficking in material relating to the sexual abuse or exploitation of a minor.** (Emphasis supplied).

According to the above definitions, the pattern must consist of two convictions other than a conviction for possession of child pornography. In this case, the "pattern" can only consist of the conviction in Count 1 and the prior Oregon conviction. However, the prior Oregon conviction does not contain elements that fit within the elements of the generic federal crime. See *Taylor v. United States,* 495 U.S. 595, 110 S. Ct. 2143 (1990).[3] For crimes involving sex with a minor, the elements the generic federal offense are: (1) a *mens rea* of knowingly; (2) a sexual act; (3) with a minor between 12 and 16; (4) age difference

---

involving minors did not qualify for sentence enhancement under the categorical approach because they did not involve production of child pornography.
[3] In *United States v. Dahl,* 833 F. 3d 345 (8th Cir. 2021) the Court applied the categorial approach to determine whether prior convictions constituted a pattern of activity under USSG § 4B1.5(b).

DEFENDANT'S AMENDED
SENTENCING MEMORANDUM - 6

*Gilbert H. Levy*
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington  98121
(206) 443-0670  Fax: (866) 471-6818

of at least four years. *United States v. Sullivan, supra,* at 637. The Oregon statute does not contain a *mens rea* requirement nor does it contain a requirement that the victim be four years younger than the perpetrator. Because the Oregon statute proscribes more conduct than the generic federal crime, there is no "pattern of activity" within the meaning of USSG § 2G2.2(5).[4]

    C. <u>The Defendant Objects to the Two Level Upward Adjustent for Use of a Computer</u>.

The PSR awarded the Defendant a two-level upward adjustment for use of a computer. See, PSR, Paragraph 38. Enhancements are intended to capture facts of an individual offense that make it more egregious than the ordinary offense. In an age of ubiquitous computers, most child pornography possession offenses involve computers. The United Sentencing Commission Reports that the adjustment was applied in 94.2% of cases in 2022.[5] The Cours should reject this adjustment. However, if the Court determines that it applies, it should consider a downward variance.

### III. 18 U.S.C. § 3553 FACTORS

---

[4] The subtraction of five points affects the calculation under the grouping rule of USSG § 3D1.4. See PSR, Paragraph 44. Defendant maintains that the adjusted offense lever for Count 2 is 33 rather than 38. Since the offense level for Count 2 is 5 to 8 levels less serious than the highest offense level, it results in one-half unit rather than one. See § 3D1.4(a). This means that the combined offense level is increased one level rather than two as calculated in the PSR. The Combined Offense Level is 41 rather than 42 as calculated in the PSR.

[5] https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/guideline=application-frequencies/USE_of_SOC_Guidelines_Bassed.pdf,at 43.

DEFENDANT'S AMENDED
SENTENCING MEMORANDUM - 7

*Gilbert H. Levy*
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington 98121
(206) 443-0670 Fax: (866) 471-6818

A. <u>Nature and Circumstances of the Offense</u>

In 2020, the Defendant began chatting on-line with an HSI agent posing as the parent of a five-year-old daughter. The agent represented that the daughter was available for sex. The Defendant traveled from Oregon to Washinton with the ostensible purpose of having sex with the minor. He was arrested when he arrived at the meeting place. Agents found a dress for the minor that he had in his possession and some kind of lubricant in his pocket. Following the arrest, agents obtained a search warrant for the Defendant's computer and found a cache of child pornography. Following his arrest, the Defenant asked a family member to delete the contents of the computer.

B. <u>History and Characteristics of the Defendant</u>

The Defendant's letter to the Court and supporting letters are attached hereto as exhibits.

The Defendant has prior convictions for robbery, assault, and having a sexual relationship with a minor under the age of 14. The Defendant was 21 at the time of that relationship. He has no criminal history as a juvenile and no other arrests or convictions involving sex offenses.

The Defendant's father was an abusive alcoholic. The Defendant was the sole caretaker after his father had a stroke. The Defendant was close to his mother,

DEFENDANT'S AMENDED
SENTENCING MEMORANDUM - 8

*Gilbert H. Levy*
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington 98121
(206) 443-0670  Fax: (866) 471-6818

but his father was emotionally distant. The Defendant has an ACES score of 7 out of a possible 10. Both parents died while the Defendant was in prison. The Defendant was close to his mother and blames himself for her death. He attempted to visit her during her last days but was prevented from doing so by prison authorities. Although he was unable to see his mother, he was the one who made the decision to turn off her life support.

      The Defendant never married and has no children. The relationship that he had with the minor was consensual at least in his mind. It appears that he may have had only one brief in person relationship with an adult female. After his release from prison, he had a four-year online relationship with someone who he believed to be an adult female. The online relationship ended when the person abruptly stopped communicating. The Defendant was deeply affected by the loss. The Defenant suffers from severe depression, which is possibly brought on by the abuse he suffered as a child.[6] The Defendant took a polygraph and was asked whether he engaged in sex acts with minors following his release from prison. His answer in the negative was determined to be truthful.

      The Defendant has been at the Federal Detention Center for nearly four years awaiting final disposition of his case. During that time, he experienced

---

[6] The psychological report of Dr. James Manley is included herewith as an exhibit, filed under seal.

DEFENDANT'S AMENDED
SENTENCING MEMORANDUM - 9

*Gilbert H. Levy*
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington 98121
(206) 443-0670 Fax: (866) 471-6818

COVID-19 lockdown and a bout with COVID-19. He suffers from a torn Achilles tendon that remains untreated.

C. Need to Reflect Seriousness of the Offense, Promote Respect for Law, and Provide Just Punishment

The offenses herein are undoubtedly among the most serious. However, the 30-year sentence recommended by the Government and the 20-year sentence recommended by probation are disproportionate to the severity of the crime. A disproportionate sentence is unjust and fails to promote respect for the law.

D. Need to Afford Adequate Deterrence

The Defendant is more likely to be deterred if he takes advantage of the sex offender treatment offered by the Bureau of Prisons. He is more likely to be motivated to seek treatment if he has some hope of a life after prison.

E. Need to Protect the Public

According to Dr. Manley, the Defendant presents a low risk of re-offense. This is supported by the statistical analysis contained in his report.

F. Need to Provide the Defendant with Medical or Correctional Treatment

The Bureau of Prisons offers a therapy program for sex offenders. The program does not offer a time cut and participation is voluntary.

G. Need to Avoid Unwarranted Sentence Disparity

DEFENDANT'S AMENDED
SENTENCING MEMORANDUM - 10

Gilbert H. Levy
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington 98121
(206) 443-0670  Fax: (866) 471-6818

Cases of similar severity have resulted in sentences less severe than the terms recommended by the Government and Probation.  In *United States v. McGowan,* Case No CR17-701 RSM, Judge Martinez imposed a sentence of 160 months in a child pornography case where the defendant had prior convictions for homicide, assault, and child pornography possession.  In *United States v. Rickdal,* CR 16-334 JLR, Judge Robart imposed a 144-month sentence for an under-cover sting operation involving enticement of minors.  The Defendant in that case had prior convictions for attempted child molestation, child pornography and was on supervision when he committed the instant offense.

In cases where more severe sentences have been imposed, the conduct was typically more egregious than that involved in this case.  In *United States v. Wilkins,* CR 19-063 JCC, Judge Coughenour imposed a 300-month sentence concurrent with a muti state rape of a child case and where Defendant was convicted of enticement, child pornography and travel with intent to engage in sex with a minor.  In *United States v. McCoy,* CR 16-284-JLR, Judge Robart imposed a 24-year sentence for production, receipt, and distribution of child pornography. In *United States v. Gordon,* CR 15-246-RAJ, Judge Jones imposed a sentence of 293 months in a production case involving multiple victims*,* In *Unites States v. Delay,* CR 15-175, this Court imposed a 35-year sentence in a case involving

DEFENDANT'S AMENDED
SENTENCING MEMORANDUM - 11

*Gilbert H. Levy*
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington  98121
(206) 443-0670  Fax: (866) 471-6818

enticement of minors to engage in prostitution, rape of a minor, and production of images involving sexual abuse of a minor.

## IV.  CONCLUSION

In enticement cases, the undercover officer provides the opportunity for the crime, which otherwise may not have occurred.  This distinguishes it from predator cases, like those which are cited above. This is the reason why the recommendations of the Government and Probation are disproportionate to the seriousness of the offense.  The Defendant may not have committed Count 1 had the opportunity not been provided.  He had no recent history of predatory behavior preceding the instant offense. The Court is respectfully requested to impose the sentence recommended above.

Pursuant to the Local Rule, I certify that this brief contains 2,617 words.

DATED:  March 12, 2024.

/s/Gilbert H. Levy
Gilbert H. Levy, WSBA #4805
Attorney for Defendant

DEFENDANT'S AMENDED
SENTENCING MEMORANDUM - 12

Gilbert H. Levy
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington  98121
(206) 443-0670  Fax: (866) 471-6818

## CERTIFICATE OF SERVICE

I certify that on March 12, 2024, I caused to be electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record.

/s/Gilbert H. Levy  
Gilbert H. Levy, WSBA #4805  
Attorney for Defendant

DEFENDANT'S AMENDED
SENTENCING MEMORANDUM - 13

*Gilbert H. Levy*
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington 98121
(206) 443-0670  Fax: (866) 471-6818