1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

        Plaintiff,

   vs.

DIRK WALTER TICHGELAAR,

        Defendant.

Cause No.  CR 21-114 RSL

**DEFENDANT'S
RESTITUTION
MEMORANDUM**

     Defendant Dirk Tichgelaar, by and through his attorney, Gilbert H. Levy, respectfully submits the following memorandum regarding the Government's request for restitution:

## I. RELEVANT FACTS

     Pursuant to guilty pleas, the Defendant was convicted of possession of child pornography pursuant to Title 18 United States Code § 2252(a)(5)(B) in Case No.

DEFENDANT'S RESTITUTION
MEMORANDUM - 1

*Gilbert H. Levy*
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington  98121
(206) 443-0670  Fax: (866) 471-6818

CR 21-114 RSL and enticement of a minor pursuant to Title 18 United States

Codes § 2422(b) in Case No.CR 21-115 RSL.  The Defendant was sentenced to a

term of 120 months in the child pornography case and 180 months in the

enticement case with the sentences to run consecutively.   The Government is now

seeking an award of restitution in the child pornography case pursuant to Title 18

United States Code § 2259.

The Government has provided the defense with loss information for nine

victims corresponding to the individuals depicted in the images that the Defendant

possessed.  The information includes the total loss amount for each victim and the

amount that the Defendant is requested to pay based on his proportionate share of

the loss.  The Defendant is not contesting the total loss amounts.  In the case of

several of the victims, the Government is requesting that the Defendant be required

to pay more than the statutory minimum of $3,000.00.  The Defendant maintains

that his obligation should be limited to the statutory minimum for the reasons set

forth below.

## II. AUTHORITY AND ARGUMENMT

Title 18 United States Code § 2259 provides that restitution in child

pornography cases is mandatory.  In *Paroline v. United States,* 572 U.S. 434, 134

S. Ct. 1710 (2014) the Court held that in child pornography cases where a

*Gilbert H. Levy*
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington  98121
(206) 443-0670  Fax: (866) 471-6818

particular victim's images have been publicly disseminated and there are potentially numerous defendants who have produced and/or possessed those images, a particular defendant's restitution obligation should be limited to his or her proportionate share.  The Court stated:

> where it can be shown both that a defendant possessed a victim's images and that a victim has outstanding losses caused by the continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual defendant by recourse to a more traditional causal inquiry, a court applying § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses. The amount would not be severe in a case like this, given the nature of the causal connection between the conduct of a possessor like Paroline and the entirety of the victim's general losses from the trade in her images, which are the product of the acts of thousands of offenders. It would not, however, be a token or nominal amount. The required restitution would be a reasonable and circumscribed award imposed in recognition of the indisputable role of the offender in the causal process underlying the victim's losses and suited to the relative size of that causal role. This would serve the twin goals of helping the victim achieve eventual restitution for all her child-pornography losses and impressing upon offenders the fact that child-pornography crimes, even simple possession, affect real victims. Id.at 458-459.

The Court went on to suggest factors that that could in considered in determining the appropriate amount:

> These could include the number of past criminal defendants found to have contributed to the victim's general losses; reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted); whether the defendant reproduced or distributed images of the victim; whether the defendant had

*Gilbert H. Levy*
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington  98121
(206) 443-0670  Fax: (866) 471-6818

any connection to the initial production of the images; how many images of the victim the defendant possessed; and other facts relevant to the defendant's relative role. Id. at 460.

The factors are intended as rough guideposts rather than a fixed formula in determining the amount that fits the offense. Id.

After *Paroline*, § 2259 was amended. As amended, subsection (2) provides:

> If the defendant was convicted of trafficking in child pornography, the court shall order restitution under this section in an amount to be determined by the court as follows:
>
> **(A)** The court shall determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the trafficking in child pornography depicting the victim.
>
> **(B)** After completing the determination required under subparagraph (A), the court shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000.
>
> **(C)** A victim's total aggregate recovery pursuant to this section shall not exceed the full amount of the victim's demonstrated losses. After the victim has received restitution in the full amount of the victim's losses as measured by the greatest amount of such losses found in any case involving that victim that has resulted in a final restitution order under this section, the liability of each defendant who is or has been ordered to pay restitution for such losses to that victim shall be terminated. The court may require the victim to provide information concerning the amount of restitution the victim has been paid in other cases for the same losses.

In *United States v. Galan,* 804 F. 3d 1287 (9th Cir. 2015), the Court of Appeals held that a defendant compelled to pay restitution under § 2259 should not be obligated to pay for losses that he or she did not cause. If the defendant was not the original abuser, the defendant should not be held liable for losses caused by the

*Gilbert H. Levy*
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington  98121
(206) 443-0670  Fax: (866) 471-6818

original abuse and these losses should be disaggregated from the amount that is required to be paid.

In *United States v. Hoffman,* 2022 WL 4017980 (W.D. Wash. 2022), Judge Lin was presented with a restitution claim like the one in this case. The defendant simply possessed the material and did not produce it. Judge Lin noted that §2259 does not prescribe specific factors to be considered in determining the defendant's proportionate share and the court is therefore left with the factors mentioned in *Paroline.* Judge Lin noted that the number of future defendants likely to be caught and prosecuted and the broader number of offenders involved was essentially unknowable and this plus the absence of other information in that case made it essentially impossible for the court to calculate the appropriate amount of restitution.   As a result, restitution in that case was limited to the mandatory minimum of $3,000.00 for each victim.

In this case, the Government has failed to provide any information to assist the Court in calculating the Defendant's share of the restitution. It failed to provide information as to the number of defendants who have previously paid restitution although this information presumably is known to those making the claims. It failed to provide information as to whether any of the claimants have been paid in full. It failed to provide any basis upon which future defendants or

*Gilbert H. Levy*
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington  98121
(206) 443-0670  Fax: (866) 471-6818

future offenders can be calculated.  It failed to disaggregate amounts attributable to the original abuse.  In addition to these deficiencies, the Court may wish to consider that the Defendant is likely to spend the rest his life in prison and his ability to make restitution payments of any amount is extremely limited.   To the extent that there is a punitive factor in the restitution obligation, the Defendant has already been punished enough.

### III. CONCLUSION

The Court should limit the amount of restitution awarded in this case to $3,000.00 per victim.

I certify that the memorandum contains 1,322 words as required by the Local Criminal Rule.

DATED: September 30, 2024.

/s/Gilbert H. Levy
Gilbert H. Levy, WSBA #4805
Attorney for Defendant

DEFENDANT'S RESTITUTION
MEMORANDUM - 6

**Gilbert H. Levy**
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington  98121
(206) 443-0670  Fax: (866) 471-6818

1

2
CERTIFICATE OF SERVICE

3
      I certify that on September 30, 2024, I caused to be electronically filed the

4
foregoing document with the Clerk of Court using the CM/ECF system, which will

5
send notification of such filing to the attorney(s) of record.

6

7
                        /s/Gilbert H. Levy

8
                        Gilbert H. Levy WSBA# 4805
                        Attorney for Defendant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

DEFENDANT'S RESTITUTION
MEMORANDUM - 7

***Gilbert H. Levy***
Attorney at Law
2125 Western Avenue, Ste 330
Seattle, Washington  98121
(206) 443-0670  Fax: (866) 471-6818