The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DIRK WALTER TICHGELAAR,<br><br>Defendant. | NO. CR21-114 RSL<br><br>GOVERNMENT MEMORANDUM REGARDING RESTITUTION |

The government submits this memorandum and associated exhibits in support of restitution sought by several survivors of child sexual abuse whose imagery Defendant Dirk Walter Tichgelaar possessed. Despite good faith efforts on the part of all parties, agreement could not be reached. Upon entry of an order granting restitution, the government will work with U.S. Probation to prepare an amended judgment to be submitted to the Court for review and approval.

The government understands that the defendant does not object to the eligibility of the claimants to receive restitution. Rather, the defense does not believe there is sufficient information to justify the amounts sought under the framework established in *Paroline v. United States*, 572 U.S. 434 (2014). By statute, each claimant is entitled to a minimum of $3,000.00 in restitution. 18 U.S.C. § 2259(b)(2)(B). The government



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

understands the defense position to be that the Court should award this minimum to each claimant. While the government believes the Court should order at least that minimum, it endorses the requested amounts sought by the claimants.

## I. RESTITUTION CLAIMS

The government received restitution claims from 9 series victims seeking a total of $47,000.00. The table below summarizes those claims, listing the claimant, number/type of files Tichgelaar possessed, amount requested, total loss, and amount recovered. The voluminous supporting documentation for each claim will be filed with this memorandum on a disc. Because it contains sensitive private information, that disc will be filed under seal.

| Claimant | Files Possessed | Requested Amount | Total Loss | Recovery |
|---|---|---|---|---|
| Cindy | 2 images | $3,000.00 | $1,668,232.47 | $1,434,022.97 |
| Jenny | 2 images | $3,000.00 | $8,948,163.84 | $832,048.00 |
| Pia/SweetWhiteSugar | 4 images | $5,000.00 | $1,980,793.67 | $1,055,962.69 |
| Lily/Vicky | 4 images, 4 videos | $10,000.00 | $6,008,536.29 | $2,975,250.45 |
| Sarah/Marineland1 | 4 images | $5,000.00 | $2,758,335.28 | $1,405,659.52 |
| Sloan/Tara | 10 images, 2 videos | $7,500.00 | $1,200,000-$1,500,000 | $541,843.10 |
| Ivy/JB Flowers2 | 2 images | $3,000.00 | $255,903.00 | $10,759.00 |
| Jen/JB Flowers1 | 2 images | $3,000.00 | $255,993.00 | $54,877.00 |
| April/AprilBlonde | 4 images, 2 videos | $7,500.00 | $3,604,254.00 | $421,607.00 |

///

///



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II. LEGAL AUTHORITY

To obtain restitution for a person in a child pornography case, the government must establish that the person (1) is a victim within the meaning of the law; (2) was harmed as a result of the defendant's misconduct and (3) incurred losses as a result of that harm. *United States v. Kennedy*, 643 F.3d 1251 (9th Cir. 2011). Without sufficient proof for all three elements, there is no factual basis for an order of restitution.

This follows from the plain text of the controlling statutes. First, under 18 U.S.C. § 2259(b)(2), which governs "restitution for trafficking in child pornography," the court is directed to "*determine the full amount of the victim's losses*" caused by a defendant, pursuant to (b)(2)(A), and award restitution to a particular victim only "[a]fter completing [that] determination," pursuant to (b)(2)(B) (emphasis added). Section 2259(b)(3) provides that an "order of restitution under this section shall be issued and enforced in accordance with section 3664." Section 3664(e), in turn, places the "burden of demonstrating the amount of the loss sustained by a victim as a result of the offense" on the government, by a preponderance. The Supreme Court recognized this operation of the statutes in *Paroline v. United States*, 572 U.S. 434, 443 (2014). *See also United States v. Galan*, 804 F.3d 1287, 1289 (9th Cir. 2015) (government has "burden of proving the amount of…losses" in prosecution under 18 U.S.C. § 2252(a)(2)).

## III. ARGUMENT

Logistically, restitution requests in these cases use the following procedure. Law enforcement first obtains a defendant's collection of child sexual abuse material. This collection is sent, as a routine part of a child-exploitation investigation, to the National Center for Missing and Exploited Children (NCMEC) in Alexandria, Virginia, which prepares a "Child Identification Report." The purpose of the report is to identify known victims and to discover unidentified ones. The NCMEC report alone is insufficient to support restitution. The list does not satisfy the third element noted above: a showing of



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

loss caused by a defendant's conduct. Instead, victims seeking restitution must affirmatively request that award by submitting evidence of loss to the attorney for the government. To accomplish this, the Victim Assistance Unit in the U.S. Attorney's Office notifies victims of their rights based on a second report knowin as the Victim Identification Report. Here, 9 9 victims submitted restitution requests with evidence supporting loss.

The harm for the series victims is knowing their horrific abuse is endlessly captured on the internet, applications, devices, and cloud accounts for pedophiles worldwide to access with the click of a button. Victims often look to multiple factors in assessing this harm and crafting their claims. Among these are the number of files involved, the type of files (videos or images), whether there is evidence the defendant distributed their imagery, and the defendant's offense history and offense conduct.

As noted above, the government understands that the defense does not object to any of the claimants' eligibility to seek restitution. Instead, defense counsel has indicated that any award exceeding the $3,000.00 minimum must be supported by the *Paroline* factors.

In *Paroline*, the Supreme Court explained "it is neither necessary nor appropriate to prescribe a precise algorithm for determining the proper restitution amount. 570 U.S. at 459-60. "But district courts might . . . determine the amount of the victim's losses caused by the continuing traffic in the victim's images" by considering the following nonexhaustive list of factors: "the number of past criminal defendants found to have contributed to the victim's general losses; reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted); whether the defendant reproduced or distributed images of the victim; whether the defendant had any



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

connection to the initial production of the images; how many images of the victim the defendant possessed; and other facts relevant to the defendant's relative causal role." *Id.* at 460.

The Supreme Court was careful not to set out a "rigid formula," instead establishing "rough guideposts." *Id.* Unfortunately, many of the *Paroline* factors depend on estimates that the government and the claimants would be hard pressed to calculate. The claims submitted here reflect an effort by the government and the claimants to calculate the defendant's share of their loss based primarily on the number and type of files he possessed.

The result of this effort is that several of the claimants agreed to a reduction in the amount originally sought. And at least one claimant agreed to a slight increase. No perfect formula exists for calculating a defendant's share of loss. And a methodology based primarily on file type and number certainly does not account for factors such as the defendant's history and underlying criminal conduct. However, the claims submitted here reflect a concerted effort by the government and the claimants to offer a thoughtful and rational framework for assessing the defendant's causal share of the victims' loss and determining a restitution award.

//

//



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**IV. CONCLUSION**

The government respectfully requests the Court order a total of $47,000.00 in restitution to the 9 series victims in accordance with the amount requested by each.

Respectfully submitted this 30th day of September, 2024.

TESSA M. GORMAN
United States Attorney

*s/ Matthew P. Hampton*
MATTHEW P. HAMPTON
Assistant United States Attorney
U.S. Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-6677
Fax: (206) 553-2502
E-mail: matthew.hampton@usdoj.gov