1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

UNITED STATES OF AMERICA,

Case No. CR21-114RSL

10

Plaintiff,

ORDER OF RESTITUTION

11

v.

12

DIRK WALTER TICHGELAAR,

13

Defendant.

14

15    This matter comes before the Court on "Defendant's Restitution Memorandum" (Dkt.

16  # 55) and the Government's "Memorandum Regarding Restitution" (Dkt. # 56). Having

17

18  reviewed these motions, the Government's sealed exhibits (Dkt. # 58), and the record in this

19  case, the Court hereby issues this order regarding restitution.

20    On July 29, 2021, defendant pleaded guilty to (1) possession of child pornography in

21

22  violation of 18 U.S.C. § 2252(a)(5)(B) in Case. No. CR21-114RSL and (2) enticement of a

23  minor in violation of 18 U.S.C. § 2422(b) in Case. No. CR21-115RSL. Dkt. # 6. On March 14,

24  2024, defendant was sentenced to 120 months for possession of child pornography and 180

25
    months for enticement of a minor, with the sentences to run consecutively. Dkt. # 48 (Case. No.
26
    CR21-114RSL); Dkt. # 81 (Case. No. CR21-115RSL). The Government now seeks a total of
27

28

ORDER OF RESTITUTION - 1

$47,000 in restitution to nine victims of defendant's possession of child pornography, pursuant to 18 U.S.C. § 2259.

The Court must engage in a three-step process when determining restitution after a defendant is convicted of trafficking in child pornography. 18 U.S.C. § 2259(b)(2), (c)(3). The first step is determining the full amount of each victim's losses. 18 U.S.C. § 2259(b)(2)(A). Here, the defendant does not contest the loss amounts put forward by the Government. Dkt. # 55 at 2. Therefore, the Court accepts the Government's contentions regarding those loss amounts. Dkt. # 56 at 2.

The second step is determining a restitution amount for each victim that "reflects the defendant's relative role in the causal process that underlies the victim's losses." 18 U.S.C. § 2259(b)(2)(B). That amount may not be less than $3,000 for each victim. *Id*. In determining a defendant's "relative role in the causal process that underlies the victim's losses," the Court may consider certain factors. *Paroline v. United States*, 572 U.S. 434, 460 (2014). Some of those factors relate to the defendant's role in producing and distributing images of child pornography. *Id*. Other factors require the Court to speculate as to the number of future offenders likely to contribute to each victim's losses, and to determine the overall number of offenders already involved in the victim's total losses. *United States v. Hoffman*, No. 2:22-CR-00018-TL, 2022 WL 4017890, at *6 (W.D. Wash. Sept. 2, 2022). In cases like this one, where the defendant possessed and undoubtedly consumed the images at issue "but did not produce or distribute them," the speculative factors can end up carrying more weight, making it difficult for the Court to use the *Paroline* factors without engaging in "the prohibited practice of 'arbitrary

calculations.'" *Id*. (Citing *United States v. Kennedy*, 643 F.3d 1251, 1261 (9th Cir. 2011)). Victims have pointed out that they are in no better position to engage in speculation regarding fundamentally "unknowable" things like the number of un-apprehended people who now possess or in the past might have possessed a victim's image. *Id*. *See also* Dkt. # 58. As the Government explains, "Unfortunately, many of the *Paroline* factors depend on estimates that the government and the claimants would be hard pressed to calculate." Dkt. # 56 at 5.

Here, the Court has been provided information responsive to the *Paroline* factor that considers "how many images of the victim defendant possessed." Dkt. # 56 at 2; *Paroline*, 572 U.S. 434 at 460 (2014). The Government and claimants have made efforts to calculate "the defendant's share of their loss based primarily on the number and type of files he possessed." Dkt. # 56 at 5. The Court has reviewed the sealed exhibits that support the victims' calculations of their total losses, and in a few cases these exhibits provide information relevant to the *Paroline* factor that considers "the number of past criminal defendants found to have contributed to the victim's general losses." Dkt. # 58; *Paroline*, 572 U.S. 434 at 460 (2014). However, in all cases other questions raised by the *Paroline* factors remain unanswered here, making it difficult to determine defendant's "relative role" in each of the nine victims' total losses (even while acknowledging that calculating restitution "cannot be a precise mathematical inquiry"). *Paroline*, 572 U.S. 434 at 459 (2014). *See also Hoffman*, No. 2:22-CR-00018-TL, 2022 WL 4017890, at *7 (W.D. Wash. Sept. 2, 2022) (stating, in similar circumstances, that where the court lacked "sufficient information regarding the relative causal significance of [the defendant's] conduct in producing the losses of his victims, the Court has no choice but to award

only the statutory minimum for each victim."). Therefore, because this Court does not have sufficient information to determine the relative causal significance of defendant's actions in producing the losses of any of the nine victims, it awards each victim $3,000 in restitution. In doing so, the Court notes that while defendant's crimes undoubtedly deserve an order of restitution, defendant is presently serving a 25-year term, is "likely to spend the rest of his life in prison," and has an "extremely limited" ability to make restitution payments. Dkt. # 55 at 6.

The final step the Court must take when determining restitution amounts is to assure that the victims, who may be receiving restitution from numerous other defendants, do not, as a result of this Court's restitution order, end up receiving restitution that exceeds their total amount of demonstrated losses. 18 U.S.C. § 2259(b)(2)(C). Here, none of the nine victims will exceed their demonstrated losses by receiving $3,000 from this defendant. Dkt. # 56 at 2.

For all the foregoing reasons, the court ORDERS defendant to pay $3,000 restitution to each of the nine victims identified by the Government. Dkt. # 56 at 2.

DATED this 8th day of October, 2024.

Robert S. Lasnik
United States District Judge

ORDER OF RESTITUTION - 4